■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TUZZINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 20, 1975, convicting him of unlawful possession, transportation, etc., of unstamped and unlawfully stamped packages of cigarettes, upon his plea of guilty, and imposing sentence. The appeal also brings up for review a decision of the same court which denied defendant's motion to suppress physical evidence and to controvert a search warrant. Judgment affirmed. An experienced detective, assigned to the Cigarette Tax Enforcement Unit, executed an affidavit in which he set forth his personal observation, on several occasions, of a green van bearing New Jersey license plates, being driven by either of two individuals known to him to be cigarette smugglers, based upon information and photographs contained in police files. The detective observed plain wrapped cartons, known to him as "half cases", left on a loading platform and in a garage after the van had pulled away. On the basis of that affidavit, a search warrant was issued on October 9, 1974. We find no merit in defendant's contention of a lack of probable cause. The repeated pattern of behavior observed by an experienced detective constituted more than mere suspicion or guesswork; it amounted to probable cause (see *People v Giammarino,* 53 AD2d 871). Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL UHLMAN, Appellant.—Judgment of the Supreme Court, Kings County, rendered March 31, 1976, upon resentence, affirmed. No opinion. Appeal by defendant from a judgment of the same court, rendered February 25, 1976, dismissed. That judgment was superseded by the judgment on resentence. Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WHITE, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered April 10, 1975, convicting him of criminal sale of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. Judgment affirmed. It was improper for the trial court to instruct the jury that a person mentioned during the testimony of a prosecution witness was "available" to the defense, since it implied that there was a duty on the defense to call such person as a witness. However, the error was not prejudicial or reversible (see *People v Crimmins,* 36 NY2d 230, 242). Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.