■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL MURRAY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 30, 1977, convicting him of reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant's indictment for reckless endangerment in the first degree arose out of a shooting incident which occurred on July 11, 1976. It was the People's theory that defendant took several shots at one Louis Jones, an older brother of defendant's girl friend. The evidence indicated that there were strained feelings between defendant and his girl friend Cathy's siblings. The prosecution produced four witnesses—Louis Jones, his friend, his brother and his sister Debra. All of them testified that defendant fired a gun at Jones. The police responded to the incident but were unable to uncover any tangible evidence that shots had been fired. After the prosecution closed its case, the defendant rested and called no witnesses. During summation, the prosecutor described the People's evidence and then stated "And you have heard no one, no other testimony to contradict this, not by anyone who was not a party to this case." The defense attorney immediately objected. This

remark by the prosecutor was clearly improper since it conveyed to the jury the erroneous impression that defendant had an obligation to call witnesses in his behalf (see *People v Rodriguez,* 38 NY2d 95, 98). Under the circumstances, the trial court should have sustained defense counsel's objection and given the jury an immediate admonition on this issue. Instead, the trial court overruled the objection and merely stated that it would "handle that in his charge to the jury." This constituted error (see *People v Rodriguez, supra).* Moreover, this error was compounded during the course of the court's charge to the jury. In charging the jury, the court gave a perfunctory admonition to it regarding defendant's right to remain silent, but immediately thereafter diluted the curative effect thereof by stating "Strange enough, the Law affords him an opportunity to take the stand and give his version, if he elects to do so." In our view, the conduct of the prosecutor during summation and the trial court's response thereto, deprived defendant of a fair trial and a new trial is, therefore, required. Titone, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.