## (February 26, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT RENNER, Appellant. — Appeal from a judgment of the County Court of Schenectady County, rendered November 27, 1978, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the fourth degree. Defendant was indicted for the crimes of criminal possession of stolen property in the second degree and criminal possession of a weapon in the fourth degree. After a jury trial, he was found not guilty of the first charge but guilty of the second one. He was sentenced to six months in the county jail. This appeal ensued and defendant raises several issues urging reversal. A brief recitation of the evidence is necessary to understand these issues. The prosecution's first witness, one Brown, testified that he was the owner of the gun in question and that his home had been broken into and the gun stolen. An undercover officer testified that he purchased the gun in question from defendant. Much of the latter's testimony was corroborated by the third and final witness for the prosecution. Defendant did not testify nor did he offer any proof. Initially, we reject defendant's contention that the verdict is contrary to the weight of the evidence. We also reject defendant's contention that the court improperly marshaled the evidence. We now pass to defendant's contention that the court improperly charged the jury with respect to defendant's exercising his right not to take the stand. An examination of the charge demonstrates that the court instructed the jury on circumstantial evidence and told them to apply the test he mentioned in considering such evidence as to the knowledge of defendant as to whether the property was stolen. In answer to a question by one of the jurors, the court stated: "It's

only circumstantial evidence here, that he knew it was stolen. No direct evidence in this case." The court also charged, in substance, that no unfavorable inference may be drawn from defendant's failure to testify. Later he also charged that "if there are witnesses that are in the control of either party and are not produced by that party, you have a right to infer, if you so desire, that their testimony would be adverse to the party in whose control they are." It is this latter part of the charge that defendant contends was improper and requires a reversal, even though he did not except to it at trial. We disagree. Initially, we point out that even though defendant failed to take exception to the charge, we may nevertheless review the question as it involved defendant's constitutional right against self incrimination (see *People v Gray,* 71 AD2d 295, 297). As a general rule, unless a defendant testifies or otherwise comes forward with evidence, a court may not comment upon his failure to call an available witness who is under defendant's control and has information material to the case *(People v Rodriguez,* 38 NY2d 95, 98). Assuming, without deciding, that the court erred in the present case in its charge concerning a party's failure to call an available witness, it is the opinion of this court that such an error was not prejudicial or reversible (see *People v Crimmins,* 36 NY2d 230, 237; *People v White,* 54 AD2d 744). The cases of *People v De Jesus* (42 NY2d 519) and *People v Rial* (25 AD2d 28, 30) are not, in our view, decisive of the instant appeal. Although in both cases similar remarks were made by the court as to the defendants' failure to call available witnesses, there were, in addition, improper remarks made by the prosecutors in summation which were accentuated by the court. The remarks made in those cases far exceed anything complained of by the defendant herein. Accordingly, we conclude that reversal is not required on this issue. Finally, we consider the contention that defendant was erroneously denied certain Grand Jury testimony of witness Brown. It is well established that defense counsel is entitled to a prior statement which related to the subject matter of the witness' testimony *(People v Rosario,* 9 NY2d 286, 289). In the present case, defense counsel requested certain Grand Jury testimony given by witness Brown. The court, in reliance on the prosecutor's representations that the subject matter was unrelated to the present case, denied the request. The failure of the court to inspect, *in camera,* the Grand Jury testimony in question was error *(People v Poole,* 48 NY2d 144; *People v Baker,* 75 AD2d 966). The failure to turn over the Grand Jury testimony of Brown, however, does not, in our view, require reversal. Brown testified at trial that he owned the gun in question and that his house had been broken into and the gun stolen. Although Brown's testimony was necessary for a conviction on the charge of criminal possession of stolen property in the second degree, it was irrelevant as to the charge of criminal possession of a weapon in the fourth degree. In view of the fact that defendant was only convicted of the latter charge, we conclude that the failure to turn over Brown's Grand Jury testimony does not require reversal (see *People v Kanefsky,* 50 NY2d 162). The judgment, therefore, should be affirmed. Judgment affirmed. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.