■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JACKSON, Appellant.—Judgment unanimously reversed, on the law, and new trial granted. Memorandum: It was error for the court to deny defendant's request for an adverse inference jury instruction where the People failed to call the victim as a witness because she was in Florida. When the prosecution fails to call a witness under its control who would naturally be expected to give favorable testimony and whose testimony would be material and not cumulative, the defendant is entitled to an instruction that the jury may draw an unfavorable inference from the failure to call the witness unless an adequate explanation is given for the witness' absence *(see, People v Dillard,* 96 AD2d 112, 115). An out-of-State witness is not necessarily unavailable *(see, People v Jenkins,* 41 NY2d 307, 310, n 2, *rearg denied* 42 NY2d 825), and the mere fact of absence from the State does not negate control *(see, People v Alamo,* 63 AD2d 6, 8). There is a procedure available to the prosecution for the production of an out-of-State witness (CPL 640.10) and that procedure was available in this case *(see,* Fla Stats Ann § 942.02 [1985]).

Although the victim's whereabouts were known, the prosecution did not demonstrate an attempt to contact her or to obtain her presence for trial. The victim had testified at a preliminary hearing and before the Grand Jury and supplied a statement for the presentence investigation. Hence, she was under the influence of the prosecution *(see, People v Aponte,* 69 AD2d 204; *People v Moore,* 17 AD2d 57, *cert denied* 371 US 838). Inasmuch as the victim was under the People's control, "available" pursuant to CPL 640.10 and her testimony was material and noncumulative, the court erred in refusing the request for a missing witness charge. Since the proof against defendant was not overwhelming, the error cannot be considered harmless *(see, People v Crimmins,* 36 NY2d 230, 241). We have considered the remaining contentions advanced by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—assault, second degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.