THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO SMITH, Appellant

Tamara Smith, the bank teller who cashed the check on which the first two counts of the indictment were based, did not testify at trial. We find that the prosecutor's improper remarks during summation that the defendant could have called her as a witness, and his suggestion that Tamara Smith's testimony would have corroborated the evidence presented by the People, constituted reversible error with respect to the convictions on those two counts *(People v Mirenda,* 23 NY2d 439, 457; *People v Grice,* 100 AD2d 419, 422). The court's charge that defendant was not required to testify nor present witnesses, and that the jury could not consider that against him, was inadequate to cure the harm from the prosecutor's error *(People v Murray,* 64 AD2d 916). We do not agree with defendant's further argument that this burden shifting tainted the whole trial, since the jury acquitted the defendant on counts seven and eight of the indictment.

The court erred in refusing defendant's request for a missing witness charge with respect to Tamara Smith on the ground that the witness was equally available to the defense. The burden was on the prosecution to account for the bank teller's absence in order to avoid the charge *(People v Dillard,* 96 AD2d 112, 115), and the witness was not necessarily unavailable simply by reason of her presence in Utah *(People v Jenkins,* 41 NY2d 307, 310, n 2, *rearg denied* 42 NY2d 825; *People v Jackson,* 122 AD2d 566).

The convictions on counts one and two must be reversed, the sentences vacated, and those counts dismissed. The judgment is otherwise affirmed. (Appeal from judgment of Monroe County Court, Celli, J.—criminal possession of forged instrument, second degree, and other offenses.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.