■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY SCOFIELD, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction of 10 counts of first degree robbery (Penal Law §§ 20.00, 160.15 [4]), defendant raises many of the claims raised by a codefendant and already rejected by this court (People v Holmes, 126 AD2d 963). We have considered the remaining claims raised by defendant in his pro se brief and find them lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Pine, J.—robbery, first degree.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE JOE HOLLAWAY, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals his conviction of first degree sexual abuse and first degree sodomy of a nine-year-old child on or about April 20, 1983. He claims that the court erred in allowing the child to testify that on April 25, 1983 she told a nurse at Highland Hospital that defendant had "messed with her". We agree. This prior consistent statement was made approximately five days after the alleged sexual crime and, therefore, it is not admissible as evidence of a timely complaint (cf., People v Scott, 124 AD2d 974, lv denied 69 NY2d 717; People v Vicaretti, 54 AD2d 236, 244). Nevertheless, this error was harmless. The People's proof was overwhelming and we find no significant probability that the jury would have acquitted defendant had this evidence not been admitted (People v Crimmins, 36 NY2d 230, 242).

Defendant further contends that the trial court erred in denying his request for an adverse inference jury instruction for the People's failure to call Police Sergeant Wale and the victim's father. Because the testimony of these witnesses would have been either cumulative or immaterial to the crime charged, the trial court correctly denied defendant's request (cf., People v Jackson, 122 AD2d 566, lv denied 68 NY2d 915).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Monroe County Court, Celli, J.—sexual abuse, first degree, and sodomy, first degree.) Present—Dillon, P. J., Boomer, Green, Balio and Lawton, JJ.