■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GRAY, Appellant. [714 NYS2d 527] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered December 9, 1998, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During his summation, the defense counsel commented that the prosecutor had not called as a witness a police officer who was present when the defendant was arrested. Pursuant to the prosecutor's request, the trial court instructed the jury that the prosecutor had made this officer available to the defense counsel and that the officer had been present in the courthouse for the defense counsel to call as a witness. The trial court then stated that the defense counsel "apparently chose not to" call this witness. We agree with the defendant that he was prejudiced by the trial court's instruction in this regard because it improperly suggested that he had an obligation to call witnesses in his behalf (see, People v Roman, 149 AD2d 305; People v Smith, 124 AD2d 1053; People v Wynn, 121 AD2d 665; People v Murray, 64 AD2d 916). Contrary to the People's contention, under the facts of the instant case, the error was not harmless.

The defendant's remaining contentions are without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.