■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BECKWITH, Appellant. [759 NYS2d 80] —Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered September 21, 2000, convicting him of criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The vehicle in which the defendant was a passenger was lawfully stopped by the police for a traffic infraction. The driver was subsequently arrested for driving while intoxicated and placed in the officers' patrol car. The defendant, who did not have a driver's license, waited for a cab to pick him up. The driver asked for her cigarettes and the defendant took an open pack from the vehicle and handed it to the officers. One of the officers looked into the pack before giving it to the driver and discovered marijuana. The officer inquired as to the ownership of the marijuana and the defendant responded that the cigarettes belonged to the driver, but the marijuana was his. At that point, the defendant was no longer free to leave and was, in effect, placed under arrest. He was then asked if he possessed any other drugs. The defendant admitted that he had drugs in his right and left pockets which were recovered by the officer. After the defendant was transported to the police station, he was advised of his *Miranda* rights (*see Miranda v*

*Arizona,* 384 US 436 [1966]), and, in response to questioning, told the police that the drugs were to be delivered to a friend.

The Supreme Court properly declined to suppress the defendant's statement that the marijuana was his and also properly declined to suppress the marijuana and other drugs seized. Contrary to the defendant's contention, he was not in custody when the officer inquired about the ownership of the marijuana. Consequently, *Miranda* warnings were not required (*see People v Berg,* 92 NY2d 701, 704 [1999]; *People v Thomas,* 292 AD2d 549 [2002]). Once the defendant admitted that the marijuana belonged to him, the police had probable cause to arrest him (*see People v Wade,* 143 AD2d 703, 705 [1988]). The defendant's postarrest statements at the scene should have been suppressed since he was questioned in the absence of *Miranda* warnings. However, suppression of the drugs recovered from the defendant's pockets was not required because the drugs would have been discovered in any event in a search incident to the defendant's arrest (*see People v Fitzpatrick,* 32 NY2d 499 [1973], *cert denied* 414 US 1033 [1973]). The harmless error rule is rarely applied where a defendant has pleaded guilty (*see People v Lloyd,* 66 NY2d 964 [1985]; *People v Grant,* 45 NY2d 366, 378-380 [1978]). However, under the particular circumstances of this case, where the drugs themselves are admissible and were recovered from the defendant's person, there is no reasonable possibility that the failure to suppress his statements admitting possession of the drugs contributed to his decision to plead guilty (*see People v Strain,* 238 AD2d 452 [1997]; *cf. People v Grant, supra* at 379).

The hearing court properly declined to suppress the defendant's statements made at the police station after he was advised of and waived his *Miranda* rights (*see People v Carter,* 293 AD2d 484 [2002]).

By pleading guilty, the defendant effectively waived appellate review of any alleged *Rosario* violation (*see People v Vorhees,* 229 AD2d 553 [1996]; *People v Agyman,* 204 AD2d 731 [1994]). Altman, J.P., Krausman, McGinity and Cozier, JJ., concur.