■ The People of the State of New York, Respondent, v Joan Bongarzone-Suarrcy, Appellant. [785 NYS2d 527]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 5, 2002, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to law enforcement officials.

Ordered that the judgment is affirmed.

On June 5, 2001, the defendant went to the Highland State Police barracks, and declared to a State Trooper that "she killed her husband." Since the defendant went to the barracks on her own volition, made the statement at her own insistence, and was not in custody or under arrest at any time before she made this inculpatory statement, *Miranda* rights were not required to be given at this time (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Schompert,* 19 NY2d 300 [1967]; *People v Brown,* 119 AD2d 684 [1986]).

The defendant claims that once she confessed to having committed murder, she was in custody and should have been advised of her *Miranda* warnings. We disagree. Although, in most instances, once an individual implicates himself or herself in a crime, he or she could reasonably be considered in custody (*see People v Cleveland,* 257 AD2d 689, 691-692 [1999]), the circumstances of this case warrant a different conclusion. Any questioning by the State Trooper which followed the defendant's initial confession was not coercive, but rather investigatory. The State Trooper did not know if the defendant's statement was trustworthy, he had not been investigating the subject murder, and did not know whether the murder had even occurred. Further, during the brief questioning that followed, the defendant was not handcuffed, and did not request either to have an attorney or to leave the barracks. Since the defendant was not in custody, her statements to the State Trooper did not have to be suppressed (*see People v Bennett,* 298 AD2d 964 [2002]). Nor was the defendant in custody during her brief questioning by an investigator. Since the statements made by the defendant prior

to being given *Miranda* warnings were not the product of custodial interrogation, her subsequent statements, made after she received her *Miranda* warnings, were not tainted by the earlier statements (*see People v Butcher*, 11 AD3d 956 [2004]; *People v Jamison*, 307 AD2d 368 [2003]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Krausman, Cozier and Mastro, JJ., concur.