■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ALLEN, Appellant. [799 NYS2d 910]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 18, 2002 (*People v Allen*, 299 AD2d 491 [2002]), affirming a judgment of the Supreme Court, Queens County, rendered May 2, 2001.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). H. Miller, J.P., Schmidt, Adams and Santucci, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEIRDRA DIXSON, Also Known as DEIRDRA DIXON, Appellant. [799 NYS2d 915]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered July 15, 2003, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review her specific challenge to the legal sufficiency of the evidence (*see* CPL 470.05 [2]; *People v Bynum*, 70 NY2d 858 [1987]; *People v Udzinski*, 146 AD2d 245 [1989]). In any event, viewing the evidence in a light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity and guilt of criminal sale of a controlled substance in the third degree. Although the defendant contends that the verdict was against the weight of the evidence because of inconsistencies in the testimony of police officers, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). H. Miller, J.P., Cozier, Ritter and Fisher, JJ., concur.