■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIMVYDAS BALIUKONIS, Appellant. [829 NYS2d 112]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered July 6, 2005, convicting him of reckless endangerment in the second degree and attempted assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant's contention that the People failed to prove his identity as one of the perpetrators beyond a reasonable doubt is unpreserved for appellate review since he did not specify this ground in his motion to dismiss at trial (*see* CPL 470.05 [2]; *People v Rodriguez,* 86 NY2d 10, 19; *People v Udzinski,* 146

AD2d 245, 250 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police. The factual findings and credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Tissiera,* 22 AD3d 611 [2005]). Here, the Supreme Court properly found that the defendant's spontaneous statement, made after a police officer arrested him but before *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) were administered, was not triggered by any police conduct which could reasonably have been expected to evoke a declaration from him (*see People v Rivers,* 56 NY2d 476, 480 [1982]; *People v West,* 237 AD2d 315 [1997]). Additionally, the Supreme Court properly determined that the defendant's statements after the *Miranda* warnings were administered were voluntarily made after he knowingly and intelligently waived his *Miranda* rights (*see Miranda v Arizona, supra; People v Williams,* 62 NY2d 285, 289 [1984]).

The defendant's claim that his convictions are legally repugnant with one another is unpreserved for appellate review (*see People v Graham,* 307 AD2d 935 [2003]; *People v Mayo,* 277 AD2d 397 [2000]) and, in any event, this claim is without merit as the jury could have found that the defendant intended to cause physical injury while recklessly creating a grave risk that death would ensue from his actions (*see People v Trappier,* 87 NY2d 55, 59 [1995]). The defendant's remaining arguments regarding repugnancy are without merit. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.