■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARETH WHYTE, Appellant. [850 NYS2d 184]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered March 1, 2006, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The credibility determina-

tions of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Baliukonis,* 35 AD3d 626, 627 [2006]). Here, the defendant's initial statement was made prior to his arrest and he was not in custody at the time. Therefore, *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) were not required at this point (*see People v Daniels,* 35 AD3d 756, 757 [2006]; *People v Bongarzone-Suarrcy,* 13 AD3d 385, 386 [2004]; *People v Beckwith,* 303 AD2d 594, 595 [2003]). The Supreme Court properly found that the defendant's spontaneous statements, made after a police officer arrested him but before *Miranda* warnings were administered, were not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Baliukonis,* 35 AD3d at 627). The Supreme Court also properly determined that the defendant's statements after the *Miranda* warnings were administered were voluntarily made after he knowingly and intelligently waived his *Miranda* rights (*see People v Baliukonis,* 35 AD3d at 627). Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Additionally, the defendant, who did not move to reopen the suppression hearing at trial, improperly relies on trial testimony in challenging the suppression ruling on appeal (*see People v Gonzalez,* 55 NY2d 720, 721-722 [1981]; *People v Crosby,* 33 AD3d 719, 720 [2006]; *People v Brown,* 11 AD3d 474, 475 [2004]; *People v Gold,* 249 AD2d 414, 415 [1998]; *People v Diaz,* 194 AD2d 688, 689 [1993]). In any event, insofar as he maintains that his statements should have been suppressed because they were inconsistent with the victim's trial testimony as to how the assault occurred, such inconsistencies presented an issue of credibility for the trier of fact to resolve (*see e.g. People v Dixson,* 21 AD3d 566 [2005]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove, beyond a reasonable doubt, that the defendant was guilty of assault in the first degree (*see* Penal Law § 120.10 [2]). The evidence established that the defendant bit off a mass of the victim's cheek near her left eye, causing permanent scarring, numbness, pain, and partial vision impairment, and which condition, even after what a plastic surgeon characterized as "successful" surgery, may require additional procedures both to protect the victim's eye and to improve the appearance of her scarring. Thus, the People proved serious and permanent disfigurement sufficient to sup-

port the defendant's conviction of assault in the first degree (*see* Penal Law § 120.10 [2]; *see also People v Lausane,* 16 AD3d 523 [2005]; *People v Rivera,* 268 AD2d 538, 539 [2000]; *People v Martinez,* 257 AD2d 667 [1999]; *People v Gadson,* 190 AD2d 860, 861 [1993]; *People v Wade,* 187 AD2d 687 [1992]). The evidence also was legally sufficient to prove, beyond a reasonable doubt, that the defendant was guilty of assault in the second degree, as he caused the victim to suffer serious and protracted disfigurement (*see* Penal Law § 10.00 [10]; § 120.05 [1]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633, 644-645 [2006]). Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.