■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO CASTRO, Appellant. [899 NYS2d 653]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered October 7, 2008, convicting him of burglary in the first degree, robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the third degree (five counts), and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (McGann, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, under the circumstances here, the Supreme Court did not err when it determined that a police officer's act of placing a knife recovered from the crime scene on a desk where the defendant was seated while the officer obtained the defendant's pedigree information, was not the functional equivalent of a police interrogation. The credibility determinations of the Supreme Court following a suppression hearing "are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Baliukonis*, 35 AD3d 626, 627 [2006]; *see People v*

*Henderson,* 57 AD3d 562, 564 [2008]; *People v Whyte,* 47 AD3d 852, 852-853 [2008]). The Supreme Court properly found that the defendant's spontaneous statement, made after he was arrested, but before *Miranda* warnings (*see Miranda v Arizona,* 384 US 436 [1966]) were administered, was not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (*see People v Henderson,* 57 AD3d at 564; *People v Whyte,* 47 AD3d at 852-853; *People v Baliukonis,* 35 AD3d at 627).

The defendant contends that the Trial Judge made an improper statement concerning an uncalled witness during his attorney's summation. However, the evidence of the defendant's guilt, without reference to the Trial Judge's statement, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction (*see People v Renner,* 80 AD2d 705, 706 [1981]; *People v White,* 54 AD2d 744 [1976]; *cf. People v Gray,* 276 AD2d 714 [2000]). Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, either are without merit or do not require reversal. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.