(May 24, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL D. WELLS, Appellant. [944 NYS2d 560]—

Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered June 11, 2008, convicting defendant, upon his plea of guilty, of operating a motor vehicle while ability impaired by drugs, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, and sentencing him to a term of six months, unanimously affirmed.

The court erred in relying on the inventory search doctrine in denying suppression of physical evidence recovered from the car defendant was driving, because the People did not introduce any evidence to establish a valid inventory search (*see People v Johnson*, 1 NY3d 252, 256 [2003]). However, there was overwhelming evidence of defendant's guilt, independent of the physical evidence at issue. Although the harmless error rule regarding suppression issues does not normally apply to cases where a defendant pleads guilty (*People v Grant*, 45 NY2d 366, 378-380 [1978]), the particular circumstances of this case warrant a finding of harmless error (*see People v Lloyd*, 66 NY2d 964 [1985]; *People v Beckwith*, 303 AD2d 594, 595 [2003]; *People v Strain*, 238 AD2d 452 [1997], *lv denied* 90 NY2d 864 [1997]).

We have considered and rejected defendant's pro se claims. Concur—Gonzalez, P.J., Andrias, Saxe, DeGrasse and Román, JJ.