■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BOND, Appellant. [604 NYS2d 195] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered January 24, 1992, convicting him of robbery in the second degree (two counts) and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The defendant argues that his conviction should be reversed because the admission of a "mug shot" (with the arrest number cut off), through the testimony of Police Officer James Yee, who had arrested the defendant for an unrelated crime, was unfairly prejudicial. He also argues that the admission of testimony as to pedigree information obtained by Officer Yee, coupled with the unredacted arrest photograph relating to the instant crime, clearly implied that the defendant was arrested for another crime.

The defendant was arrested for the instant crime some 17 months after its occurrence. At the trial, the prosecutor

introduced into evidence a photograph of the defendant that was taken a few days after this incident, upon the defendant's arrest on an unrelated matter which occurred some 18 months prior to his arrest for this incident. Officer Yee testified that he was working when he confronted the defendant. The photograph included the profile and frontal shots, and was cut to eliminate the placard that indicates the arrest numbers. The defense counsel objected to the admission in evidence of the photograph on the ground that its admission would allow the jury to infer that the defendant was previously involved with criminality. The trial court admitted the photograph, finding that it was relevant to the issue of identification.

We find that the photograph was improperly admitted into evidence because its prejudicial effect outweighed its probative value (see, People v Crimmins, 36 NY2d 230, 242). The photograph was a classic "double-shot picture, with front and profile shots alongside each other", so like those in post offices and motion pictures that the inference that the person depicted has a criminal record is automatic (see, Barnes v United States, 365 F2d 509, 510-511). The prejudicial effect of the photograph was enhanced by the fact that the People introduced this evidence through the testimony of a police officer, who indicated that he was working when he confronted the defendant, and that he knew the photograph was taken a few days after a conversation with the defendant in which he gathered certain pedigree information. The prosecution rejected suggestions by the defendant's attorney that the photograph could be introduced in evidence through the testimony of the victim, or that the photograph could be admitted in evidence on stipulation. The prosecution insisted on introducing the photograph through a medium that would establish its character as a "mug shot". Moreover, the photograph was joined in evidence by an unredacted "mug shot", taken in connection with the subject arrest, which made the similarity all the more apparent. The jury, during deliberations, requested to see all the photographs in evidence. All of these facts contributed to the unfair prejudice at the trial, where the evidence against the defendant was not overwhelming (compare, People v Dent, 183 AD2d 723 [where this Court upheld the admission of a photograph taken upon the defendant's arrest which was not a classic "mug shot", through the testimony of the complainant]).

Therefore, the defendant's conviction should be reversed, and a new trial ordered. Rosenblatt, J. P., Miller, Lawrence and Pizzuto, JJ., concur.