■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PRINS, Appellant. [620 NYS2d 274] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 16, 1992, convicting him of burglary in the third degree, criminal possession of stolen property in the fourth degree, unauthorized use of a motor vehicle in the first degree, unauthorized use of a motor vehicle in the second degree, leaving the scene of an accident, and operation of a motor vehicle with a suspended license, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Goodman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to defendant's contention, the hearing court did not improvidently exercise its discretion in denying the defendant's request to call the identifying witness at the *Wade* hearing *(see, People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833).* As the hearing court found, the hearing testimony of the police amply demonstrated that there was nothing unduly suggestive about the pretrial identification procedures utilized in this case. The defendant's contention that by calling the identifying witness to the stand he may have been able to elicit information establishing otherwise, was nothing more than speculation *(see, People v James,* 159 AD2d 723).

Moreover, a "careful and realistic" reading of the record supports the conclusion that the defendant's decision to proceed *pro se* was a knowing and intelligent one *(see, People v Miley,* 154 AD2d 559) and, as such, the defendant's waiver of counsel was effective.

We have examined defendant's remaining contention and find it to be without merit. Bracken, J. P., Copertino, Pizzuto and Hart, JJ., concur.