■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DILLHUNT, Appellant. [839 NYS2d 18]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered August 22, 2005, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of four years, unanimously affirmed.

The court properly denied defendant's suppression motion. The hearing record establishes that defendant's statements made prior to *Miranda* warnings were not the product of custodial interrogation, because a reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Defendant voluntarily accompanied the police to the precinct; although in requesting defendant's presence a detec-

tive expressed his own "need" to speak to defendant at that location, the detective clearly expressed a request and not a direction. At the precinct, the police kept defendant unhandcuffed and unrestrained, and questioned him in a nonthreatening manner for half an hour. The fact that the detective showed defendant a police report implicating him in the assault at issue did not, under all the circumstances, render the questioning custodial, since a reasonable person in defendant's situation would have believed that the police were still in the process of gathering information about the alleged incident prior to taking any action. "Even a clear statement from an officer that the person under interrogation is a prime suspect is not, in itself, dispositive of the custody issue, for some suspects are free to come and go until the police decide to make an arrest" (*Stansbury v California*, 511 US 318, 325 [1994]).

The court properly exercised its discretion in denying defendant's mistrial motion based on the People's summation. The challenged portions of the People's summation do not warrant reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). To the extent that there were any improprieties, they did not deprive defendant of a fair trial. In most of these instances, the court provided a sufficient remedy by sustaining objections, after which defendant did not request any curative instructions.

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Sullivan, Buckley, Sweeny and Catterson, JJ.