■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE VIDAL, Appellant. [844 NYS2d 55]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 1, 2005, convicting him of murder in the second degree, tampering with physical evidence (two counts), and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. We agree with the court's finding that the defendant's pre-*Miranda* interview (*see Miranda v Arizona*, 384 US 436 [1966]), was noncustodial in nature. The People made a prima facie showing that the defendant was not in custody prior to the administration of the *Miranda* warnings in this case. The defendant failed to demonstrate otherwise (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Dillhunt*, 41 AD3d 216 [2007]; *People v DeJesus*, 32 AD3d 753, 753-754 [2006]; *People v Burns*, 18 AD3d 397, 397-398 [2005], *affd* 6 NY3d 793 [2006]).

The Supreme Court also correctly concluded that the defendant's written and videotaped statements were voluntary, as they were made following his intelligent, voluntary, and knowing waiver of his *Miranda* rights (*see People v Daniels*, 35 AD3d 756, 757 [2006]).

The defendant's argument that the machete seized as a result of the videotaped statement should have been suppressed is without merit. The statement was voluntarily made and thus the physical evidence seized as a result thereof was not tainted (*see People v Day*, 8 AD3d 495, 496 [2004]).

The defendant's contention regarding the Supreme Court's charge on the use of excessive force is unpreserved for appellate review (*see* CPL 470.05 [2]). Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.