■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAVIER PEREZ, Appellant. [843 NYS2d 278]—

Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered February 18, 2005, convicting defendant, upon his plea of guilty, of assault in the first degree, and sentencing him to a term of 23 years, unanimously affirmed.

The court properly denied defendant's motion to suppress statements he made to the police and an assistant district attorney. During defendant's interactions with the police prior to the time that they administered *Miranda* warnings, defendant was not in custody because a reasonable innocent person in defendant's situation would have believed he was free to leave (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]). Regardless of their unconveyed intentions, the police treated defendant as if he were a potential witness rather than an arrestee throughout these interactions. The police met defendant at his probation officer's office under circumstances that were not coercive in any respect (*see People v Baird*, 155 AD2d 918 [1989], *lv denied* 75 NY2d 963 [1990]), and they asked him to accompany them to discuss a matter they were investigating. Defendant agreed, then rode unrestrained in an elevator with his wife and the officers. Still unrestrained, defendant rode in the officers' car to the precinct, where they brought him to an interview room. He remained unrestrained, and was left

alone for a period until an officer arrived and placed photographs of other suspects in the incident on the table. Defendant stated that he knew the men depicted. Placing the photographs on the table neither rendered the interview custodial nor constituted a form of interrogation. Furthermore, there was nothing incriminating about merely knowing these other men. Another officer then advised defendant of his *Miranda* rights, and there is no basis for suppression of his subsequent statements. We have considered and rejected defendant's remaining arguments on the suppression issue.

We perceive no basis for reducing the sentence. Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.