◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY SEXTON, Appellant. [899 NYS2d 873]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered February 27, 2007, convicting him of murder in the second degree and tampering with physical evidence (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Hanophy, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

A reasonable person, innocent of any crime, would not have believed that he or she was in custody at the time the defendant made his initial statements (*see People v Yukl*, 25 NY2d 585, 589 [1969]; *Matter of Victor V.*, 30 AD3d 430, 431 [2006]; *People v Parsad*, 243 AD2d 510 [1997]). When the defendant spontaneously stated that he killed his victim, he was given *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]), before being asked to provide a written confession. Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his statements (*id.*).

The Supreme Court did not err in allowing the defendant to represent himself during the trial. The defendant's clear and unequivocal waiver of his right to counsel was knowingly, voluntarily, and intelligently made (*see People v Providence*, 2 NY3d 579 [2004]; *People v Allison*, 69 AD3d 740 [2010]; *People v Prins*, 210 AD2d 355, 356 [1994]). The Supreme Court undertook a sufficiently searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel were impressed upon him (*see People v Providence*, 2 NY3d 579 [2004]; *People v Allison*, 69 AD3d 740 [2010]; *People v Harris*, 292 AD2d 633, 634 [2002]).

The defendant's remaining contention is without merit. Dillon, J.P., Balkin, Lott and Sgroi, JJ., concur.