sion that was taken (*see People v Jackman*, 8 AD3d 678 [2004]; *People v Smith*, 289 AD2d 1056 [2001]). It is undisputed that the value of the goods taken in the second incident was less than $1,000.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN SMITH, Appellant. [910 NYS2d 492]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Cohen, J.), rendered March 17, 2009, convicting him of failure to register or verify his status as a sex offender (two counts), upon a jury verdict, and imposing

sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the prosecution established by a preponderance of the evidence that venue was proper in Westchester County (*see* CPL 20.40 [3]; *People v Greenberg*, 89 NY2d 553, 555-556 [1997]; *People v Ribowsky*, 77 NY2d 284, 291-292 [1991]).

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress certain statements he made to law enforcement officials. The credibility determinations of the Supreme Court following a suppression hearing " 'are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record' " (*People v Castro*, 73 AD3d 800, 800 [2010], quoting *People v Baliukonis*, 35 AD3d 626, 627 [2006]; *see People v Shackleford*, 57 AD3d 578 [2008]). Here, there was sufficient evidence to support the hearing court's conclusion that the defendant was not in police custody at the time he made those statements (*see People v Yukl*, 25 NY2d 585, 589 [1969]; *People v Sexton*, 73 AD3d 953 [2010]; *People v Verrilli*, 69 AD3d 963 [2010]; *People v Martin*, 68 AD3d 1015 [2009]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the People's contention, the defendant preserved for appellate review his argument that the Supreme Court erred in permitting the People to call a witness to testify at trial that he observed the defendant in White Plains on the grounds that this testimony was irrelevant and prejudicial (*see* CPL 470.05 [2]). Moreover, the Supreme Court improvidently exercised its discretion in permitting this witness to testify that he observed the defendant in White Plains on three separate occasions. To

the extent that this testimony was relevant to prove that the defendant resided in Westchester County, whatever probative value it conferred was substantially outweighed by the danger that it would unfairly prejudice the defendant or mislead the jury (*see People v Thomas*, 65 AD3d 1170, 1171-1172 [2009]; *People v Bond*, 198 AD2d 509, 510 [1993]). However, any error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that Correction Law § 168-f (3) is unconstitutional is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Mojica*, 62 AD3d 100, 108 [2009]) and, in any event, without merit (*see generally People v Nelson*, 69 NY2d 302, 307 [1987]; *People v Smith*, 44 NY2d 613, 618 [1978]; *People v Mojica*, 62 AD3d at 108; *People v Reed*, 265 AD2d 56, 66 [2000]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Eng, Belen and Hall, JJ., concur.