■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MARINUS, Appellant. [933 NYS2d 872]—

The County Court properly denied that branch of the defend-

ant's omnibus motion which was to suppress the statements he gave to law enforcement officials on July 1, 2007, and July 11, 2007. The credibility determinations made by the County Court after a suppression hearing are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Spann*, 82 AD3d 1013, 1014 [2011]; *People v Smith*, 77 AD3d 980, 981 [2010]; *People v Leggio*, 305 AD2d 518, 519 [2003]). Contrary to the defendant's contention, the evidence presented at the suppression hearing supports the County Court's determination that a reasonable person, innocent of any crime, would not have believed that he was in custody at the time the statements were made (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Borukhova*, 89 AD3d 194 [2d Dept 2011]; *People v Smith*, 77 AD3d at 981; *People v Perez*, 44 AD3d 441, 442 [2007]; *People v Dillhunt*, 41 AD3d 216, 217 [2007]). Accordingly, the statements were not the product of custodial interrogation improperly conducted without the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444 [1966]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of assault in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Balkin, Eng and Sgroi, JJ., concur.