■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CUYLER, Appellant. [943 NYS2d 211]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered February 25, 2010, convicting him of murder in the second degree and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

"The credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on ap-

peal and will not be disturbed unless clearly unsupported by the record" (*People v Whyte*, 47 AD3d 852, 852-853 [2008]; *see People v Jenneman*, 37 AD3d 736, 737 [2007]). Contrary to the defendant's contention, the evidence presented at the suppression hearing supports the Supreme Court's determination that a reasonable person, innocent of any crime, would not have believed that he was in custody at the time his statements were made prior to the administration of *Miranda* (*see Miranda v Arizona*, 384 US 436, 444 [1966]) warnings (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Marinus*, 90 AD3d 677 [2011], *lv denied* 18 NY3d 926 [2012]; *People v Borukhova*, 89 AD3d 194 [2011]; *People v Smith*, 77 AD3d 980, 981 [2010]; *People v Perez*, 44 AD3d 441, 442 [2007]; *People v Dillhunt*, 41 AD3d 216, 217 [2007]). Accordingly, the statements were not the product of a custodial interrogation improperly conducted without the administration of *Miranda* warnings.

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the count of murder in the second degree was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that trial counsel's failure to preserve certain claims for appellate review constituted ineffective assistance of counsel (*see People v Phillips*, 84 AD3d 1274, 1274-1275 [2011]; *People v Friel*, 53 AD3d 667, 668 [2008]; *People v McKenzie*, 48 AD3d 594, 595 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.