People v Salmon (2021 NY Slip Op 06868)





People v Salmon


2021 NY Slip Op 06868


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2020-06984
 (Ind. No. 36/19)

[*1]The People of the State of New York, respondent,
v
Khori K. Salmon, appellant.


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Robert V. Tendy, District Attorney, Carmel, NY (David A. Rosenberg of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (James T. Rooney, J.), rendered August 17, 2020, convicting him of course of sexual conduct against a child in the first degree and rape in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and DNA evidence.
ORDERED that the judgment is affirmed.
The County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, the evidence presented at the suppression hearing supports the court's determination that a reasonable person, innocent of any crime, would not have believed that he or she was in custody at the time his or her statements were made prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436; People v Yukl, 25 NY2d 585, 589; People v Cuyler, 95 AD3d 900, 901; People v Vidal, 44 AD3d 802, 802; People v Dillhunt, 41 AD3d 216, 217). The record further establishes that the defendant subsequently received full and effective Miranda warnings and made a knowing and voluntary waiver of his rights before making additional statements (see People v Cartwright, 61 AD3d 695, 695-696).
The County Court also properly declined to suppress DNA evidence derived from a buccal swab. The evidence presented at the suppression hearing supports the court's conclusion that the defendant voluntarily agreed to give the police a saliva sample for DNA testing (see People v Gonzalez, 39 NY2d 122, 128; People v Muhammad, 181 AD3d 1182, 1182; People v Kluge, 180 AD3d 705, 708; People v Dail, 69 AD3d 873, 874).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all counts was not against the weight of the [*2]evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, he was not deprived of his constitutional right to present a defense by the County Court's application of the Rape Shield Law (CPL 60.42), which precluded him from introducing into evidence the contents of a text message exchange, which was sexual in nature, between the complainant and a male friend. The defendant was given ample opportunity to develop evidence at trial to support his defense, including that the complainant had a motive to fabricate her accusations against him (see People v Weberman, 134 AD3d 862, 863; People v Simmons, 106 AD3d 1115, 1116; People v Russillo, 27 AD3d 493, 493).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by the admission of expert testimony concerning the five stages of "child sexual abuse dynamics" and the prosecutor's discussion of that testimony on summation (see People v Martinez, 68 AD3d 1757, 1757-1758). In any event, the challenged testimony was properly admitted (see People v Spicola, 16 NY3d 441, 466-467; People v Tebout, 179 AD3d 1099, 1101), and therefore, the prosecutor's summation remarks concerning the testimony constituted fair comment on the evidence (see People v Martinez, 68 AD3d at 1758). The defendant's related contention that he was deprived of a fair trial because the County Court failed to instruct the jury as to how it should evaluate the expert testimony is unpreserved for appellate review (see CPL 470.05[2]), and we decline to review it in the exercise of our interest of justice jurisdiction.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
DILLON, J.P., BARROS, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court