■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED ADAMS, Appellant.—Appeals by defendant from (1) a judgment of the County Court, Nassau County (Baker, J.), rendered February 15, 1983, convicting him of robbery in the first degree under indictment No. 54908, after a jury trial, and (2) two judgments of the same court (Delin, J.), both also rendered February 15, 1983, convicting him of two counts of robbery in the first degree under indictment Nos. 55076 and 55164 (one count under each indictment), upon his pleas of guilty, and imposing sentences. The appeals bring up for review the denials (Baker, J., on indictment No. 54908, and Delin, J., on indictment No. 55164), after hearings, of those branches of the defendant's omnibus motions in two of the cases as sought to suppress identification testimony.

Judgments affirmed.

The photographs shown to complainant under indictment No. 54908 each portrayed a person standing next to a measuring device by which the heights of the various individuals could be discerned. As height was a significant aspect of complainant's initial description of the robbers, this photographic array impermissibly pointed to defendant's picture as being that of the perpetrator (see, People v Lloyd, 108 AD2d 873; People v Shea, 54 AD2d 722), especially in view of the fact that only one other subject was the same height as the five-feet, one-inch-tall defendant. All the other subjects in the array were approximately four or more inches taller. In addition, the majority of photographs had dates showing on their faces by which the viewer could discern when the picture was taken. One date was as early as 1968, which was 14 years before the crime. Similarly, the subsequent lineup

was unduly suggestive in that the individuals therein, initially seated and partially covered with sheets so as to accentuate only their faces, were directed to stand and "crouch" down. Reversal is not mandated, however, because complainant had ample opportunity to view defendant both before and during the crime *(see, People v Lloyd, supra; People v Anderson,* 107 AD2d 751).

As to the denial of the branch of defendant's omnibus motion under indictment No. 55164 which was to suppress his in-court identification, he has failed to meet his burden of establishing that the pretrial identification procedures utilized therein were unduly suggestive *(see, People v Jackson,* 108 AD2d 757). In any event, the evidence of complainant's opportunity to view defendant before and during the robbery was sufficient to establish an independent basis.

We have examined defendant's remaining contention and find it to be without merit. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.