■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE M. WATTS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Baker, J.), rendered February 18, 1983, convicting him of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In *People v Adams* (115 AD2d 542) this court affirmed the convictions of the codefendant for, *inter alia,* robbery in the first degree for which this defendant was convicted. As did his codefendant, the defendant challenges the propriety of the

photographic identification and lineup and argues that the People did not establish an independent basis for the complainant's in-court identification by clear and convincing evidence *(see, People v Ballott,* 20 NY2d 600). The photo array was unduly suggestive because the dates on 5 of the 10 photos indicated that those photos were too old for the persons pictured therein to be suspects in this case *(see, People v Adams, supra).*

The lineup, however, was not suggestive as to this defendant. The defendant argues that the complainant selected him only after being prodded by a police officer and the Assistant District Attorney. This issue was decided against the defendant by the hearing court whose determination is entitled to great weight and we find no basis upon which to disturb its determination *(see, People v Prochilo,* 41 NY2d 759). Furthermore, the lineup was held approximately two months after the photo identification and was thus sufficiently attenuated in time to nullify any taint *(see, People v Ruffino,* 110 AD2d 198).

The complainant observed the defendant both prior to and during the robbery from a short distance under good lighting conditions and thus there was an ample independent basis for his in-court identification *(see, People v Jones,* 125 AD2d 333).

Although the prosecutrix improperly interjected her comments about a witness's testimony during the defendant's cross-examination, the court promptly gave proper curative instructions. Thus the defendant's motion for a mistrial was properly denied *(see, People v Norman,* 127 AD2d 798).

In her summation, the prosecutrix impermissibly referred to evidence which was stricken during the trial. Again, however, the court gave a curative instruction. As the defendant did not seek additional instructions or a mistrial the instruction is deemed to be adequate *(see, People v Jalah,* 107 AD2d 762). In any event, in light of the overwhelming evidence of the defendant's guilt such comment constituted harmless error *(see, People v Galloway,* 54 NY2d 396).

We have considered the defendant's other contentions, including those raised in his *pro se* brief, and find them to be unpreserved and, in any event, without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.