◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES C. ALLEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered November 8, 1985, convicting him of sodomy in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that a photographic array shown to the complainant two weeks after the crime was so suggestive that it impermissibly tainted her lineup identification made almost a year and one half later. He further contends that she had no independent basis for her in-court identification of him. The defendant claims that the photographic array was unduly suggestive because he was the only light-skinned black among the six subjects. We note that the hearing court found that the subjects all had "somewhat similar skin tone" and that this finding is to be accorded great deference (see, People v Harris, 133 AD2d 649; People v Griminger, 127 AD2d 74, 76). There is nothing in the record to convince us to overturn this decision of the hearing court.

In any event, even if the photographic array were suggestive, the approximately 18-month interval between the complainant's viewing of the photographic array and her identification of the defendant at the lineup would have sufficiently attenuated the two identification procedures so as to negate any undue suggestiveness (see, People v Satchell, 116 AD2d 753, 755; People v Watts, 130 AD2d 695). Moreover, the record amply supports the finding of the hearing court that the complainant had an independent basis for her in-court identification.

The evidence was legally sufficient to establish the defendant's guilt of the crimes charged. Moreover, the defendant's contention that his guilt was not proven beyond a reasonable doubt is without merit. Upon the exercise of our factual review power we are satisfied that the defendant's guilt was proven beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.