■ The People of the State of New York, Respondent, v Milton Russell, Appellant.

Although we find that the photographic identification of the defendant by the complaining witness may well have been tainted, the lineup was held approximately four months thereafter and was thus sufficiently attenuated in time to nullify any taint *(see, People v Allen,* 134 AD2d 598; *People v Watts,* 130 AD2d 695, *lv denied* 70 NY2d 718). Moreover, the record fully supports the hearing court's determination that the complainant had an independent source for his recollection of the defendant upon which to base an in-court identification *(see, Manson v Brathwaite,* 432 US 98; *People v Ballott,* 20 NY2d 600).

The defendant has failed to preserve for appellate review his claim that he was denied a fair trial as a result of the

detective's testimony regarding the circumstances surrounding the lineup identification by the complainant (CPL 470.05; *see, People v Holt,* 67 NY2d 819; *People v Walker,* 125 AD2d 732). Review in the interest of justice is not warranted.

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt *(see, People v Contes,* 60 NY2d 620, 621). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.