■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOHN RUMPH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered April 2, 1985, convicting him of (1) robbery in the first degree, upon a jury verdict, and (2) robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress in-court identification testimony.

Ordered that the judgment is affirmed.

The hearing court's determination that the People met their burden of establishing by clear and convincing evidence that the in-court identifications were not tainted by the improper pretrial identifications was not erroneous, given the length of time and the conditions under which the witnesses had an opportunity to view their assailant, both before and during commission of the crime (see, People v Watts, 130 AD2d 695, lv denied 70 NY2d 718; People v Jones, 125 AD2d 333, lv denied 69 NY2d 829).

The defendant was not denied due process, his right to a fair trial or his right against self-incrimination when, after a complaining witness testified as to a peculiarity with respect to the skin pigmentation on his assailant's knee, the prosecutor asked the court to direct the defendant to expose his knee to the witness (see, People v Mountain, 66 NY2d 197; People v Thomas, 46 NY2d 100, appeal dismissed 444 US 891). We note that the prosecutor's request was denied (see, People v Rumph, 128 Misc 2d 438). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.