■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE WEDGEWORTH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered August 11, 1983, convicting him of robbery in the first degree (three counts), and assault in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to support the defendant's conviction. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence.

At the hearing the People failed to produce the photographic array which was used in one of the identification procedures challenged by the defendant. The failure of the People to preserve the photographic array gives rise to the inference that the array was suggestive. Further, this infer-

ence was not sufficiently rebutted in the record *(see, People v Scatliffe,* 117 AD2d 827; *People v Johnson,* 106 AD2d 469; *cf., People v Stokes,* 139 AD2d 785).

However, the lineup identifications of the defendant by the witnesses Enrique Garcia and Thomas Nerys, almost four months later, were sufficiently attenuated to remove them from any taint that the possibly suggestive photographic array might have had *(see, People v Smith,* 140 AD2d 647; *People v Watts,* 130 AD2d 695; *People v Ruffino,* 110 AD2d 198). While the witness Pedro Orta did not attend the lineup identification so that his pretrial identification remains tainted by the inference of suggestiveness, his in-court identification of the defendant was cumulative and constitutes harmless error *(see, People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.