■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE KING, Appellant. [736 NYS2d 904] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGann, J.), rendered August 11, 1998, convicting him of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress voice identification evidence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's motion to dismiss the indictment. At the grand jury, the prosecutor

had the right to cross-examine the defendant and to impeach him "within the limits of proper cross-examination" (*People v Rosa,* 145 Misc 2d 423, 425; *see, People v Karp,* 76 NY2d 1006, *revg* 158 AD2d 378). Contrary to the defendant's contention, the prosecutor's cross-examination did not exceed permissible boundaries so as to render the proceedings defective (*see,* CPL 210.35 [5]; *People v Huston,* 88 NY2d 400, 409). Therefore, the Supreme Court properly denied the defendant's motion to dismiss the indictment on that ground.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress voice identification evidence. The failure of the police to produce an audiotape of the voice lineup created a presumption of suggestiveness (*see, People v Collins,* 60 NY2d 214, 218; *People v Wedgeworth,* 156 AD2d 529). However, the police overcame that presumption by the testimony of the arresting officer who oversaw the lineup, which demonstrated that the procedures utilized were not impermissibly suggestive (*see, People v Brennan,* 222 AD2d 445). Once the People met their initial burden, the burden shifted to the defendant to prove that the identification procedure was unduly suggestive (*People v Chipp,* 75 NY2d 327, *cert denied* 498 US 833). The defendant failed to do so.

In any event, the People established that the identification was merely confirmatory, since the identifying witness had worked with the defendant for years, and the defendant acknowledged that he was well acquainted with the witness (*see, People v Rodriguez,* 79 NY2d 445, 452). Therefore, there is no basis in the record for disturbing the hearing court's determination.

The defendant's remaining contentions are without merit. Krausman, J.P., Luciano, Adams and Townes, JJ., concur.