THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK A. HARRINGTON, Appellant. [817 NYS2d 483]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 9, 2003. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court erred in refusing to suppress the drugs found pursuant to the allegedly illegal search of his vehicle, i.e., six "eight balls" of cocaine as well as 16 "dime balls" of cocaine found inside a water bottle in a grocery bag located in the passenger compartment of his vehicle. We reject defendant's contention. The record of the suppression hearing establishes that a police officer stopped the vehicle driven by defendant because numerous air fresheners were obstructing defendant's view of the road. As the officer approached the vehicle, he detected the strong odor of marihuana emanating from the vehicle, and he observed marihuana seeds and stems, and a partially smoked marihuana cigarette in the ashtray of the vehicle. Defendant was removed from his vehicle and placed in the police vehicle, and the officer found the cocaine upon searching the vehicle. "The distinctive marihuana odor and presence of a [partial] marihuana cigarette in plain view clearly authorized the [officer] to direct defendant out of the [vehicle] and provided

probable cause to place him under arrest" (*People v Terrero*, 139 AD2d 830, 831 [1988]). Although defendant was not placed under arrest at the time of the search, we nevertheless conclude that the officer had probable cause to search the vehicle and its contents when he detected what he "considered to be the distinctive odor of marihuana smoke" and observed the marihuana in the vehicle (*People v Chestnut*, 43 AD2d 260, 261 [1974], *affd* 36 NY2d 971 [1975]; *see People v Cruz*, 7 AD3d 335, 337 [2004], *lv denied* 3 NY3d 672 [2004]; *see also People v Figueroa*, 6 AD3d 720, 722 [2004], *lv dismissed* 3 NY3d 640 [2004]; *People v Guido*, 175 AD2d 364 [1991], *lv denied* 78 NY2d 1076 [1991]). Present—Kehoe, J.P., Gorski, Martoche, Smith and Pine, JJ.