■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant. [873 NYS2d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered October 18, 2005, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements made to law enforcement officials, physical evidence, and identification testimony.

Ordered that the judgment is affirmed.

The credibility determinations of a hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Graham*, 54 AD3d 1056 [2008]; *People v Wynter*, 48 AD3d 492 [2008]). Contrary to the defendant's contention, the hearing court properly declined to suppress statements he made in response to the question of a police officer who stopped his vehicle after observing a violation of the Vehicle and Traffic Law, and a handgun which was recovered from his vehicle as a result of those statements. On appeal, the defendant acknowledges that the stop of his vehicle was authorized on the basis of the traffic violation (*see e.g. People v Leiva*, 33 AD3d 1021, 1022 [2006]). The testimony presented at the suppression hearing established that the defendant was not in custody within the meaning of *Miranda v Arizona* (384 US 436 [1966]) at the time the officer asked him whether he had anything in his vehicle which might endanger the officer's safety (*see People v Parris*, 26 AD3d 393, 394-395 [2006]; *People v Myers*, 1 AD3d 382, 383 [2003]; *People v Mathis*, 136 AD2d 746, 747-748 [1988]). Moreover, the officer's inquiry was justified by reasonable suspicion that criminal activity was afoot and an articulable basis for the officer to fear

for his safety (*see People v Torres*, 74 NY2d 224, 226 [1989]; *People v Chestnut*, 51 NY2d 14, 21-22 [1980]; *People v Guarino*, 267 AD2d 324, 325 [1999]; *People v Bradford*, 162 AD2d 457, 457-458 [1990]; *cf. People v Woods*, 189 AD2d 838, 842-843 [1993]). In response to the officer's question, the defendant stated that he had a firearm in his vehicle.

Additionally, the hearing court properly declined to suppress identification testimony. Showup procedures are permissible when they are conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see People v Duuvon*, 77 NY2d 541, 544 [1991]; *People v Gilyard*, 32 AD3d 1046 [2006]; *People v Pierre*, 2 AD3d 461, 462 [2003]). Here, the showup, which was conducted at the site of the crime shortly after the incident occurred, was not unduly suggestive (*see People v Duuvon*, 77 NY2d at 545; *People v Rowlett*, 193 AD2d 768 [1993]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Miller, Carni and McCarthy, JJ., concur.