■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUKIEEM M. WILSON, Appellant. [948 NYS2d 77]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Greller, J.), rendered April 21, 2011, convicting him of criminal possession of a weapon in the second degree, upon his plea of guilty (Hayes, J.), and imposing sentence. The appeal from the judgment brings upon for review the denial, after a hearing (Hayes, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

" '[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred,' even if the underlying reason for the stop was to investigate another matter unrelated to the

traffic violation" (*People v Sluszka*, 15 AD3d 421, 423 [2005], quoting *People v Robinson*, 97 NY2d 341, 348-349 [2001]; *see Whren v United States*, 517 US 806, 810 [1996]). Here, the police had probable cause to stop the vehicle in which the defendant was a passenger upon observing that it failed to signal when leaving the curb and entering a public highway (*see* Vehicle and Traffic Law § 1163 [d]).

Additionally, "[t]he credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Smith*, 77 AD3d 980, 981 [2010] [internal quotation marks omitted]; *see People v Spann*, 82 AD3d 1013, 1014 [2011]). Here, contrary to the defendant's contentions, the testimony of the officers at the hearing was not unbelievable (*cf. Matter of Robert D.*, 69 AD3d 714, 716-717 [2010]). Based on the officers' testimony, the hearing court properly concluded that the frisking of the defendant which resulted in the seizure of a gun was supported by the requisite predicate of reasonable suspicion by the police that the defendant might be armed (*see e.g. People v Batista*, 88 NY2d 650 [1996]; *People v Benjamin*, 51 NY2d 267, 271 [1980]; *People v Caicedo*, 69 AD3d 954 [2010]; *People v Zingale*, 246 AD2d 613 [1998]). Angiolillo, J.P., Belen, Roman and Sgroi, JJ., concur.