Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 15, 2011, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials and identification testimony.
Ordered that the judgment is affirmed.
*747 The Supreme Court properly denied, after a hearing, that branch of the defendant’s omnibus motion which was to suppress identification testimony from a witness who identified the defendant in both a photographic array and a lineup. While the People’s failure to preserve the original photographic array gives rise to a presumption of suggestiveness (see People v Bridges, 63 AD3d 752, 753 [2009]; People v Wedgeworth, 156 AD2d 529 [1989]), the People presented evidence to rebut that presumption (see People v Bridges, 63 AD3d at 753; People v King, 291 AD2d 413 [2002]; People v Stokes, 139 AD2d 785 [1988]). Upon our review of the record of the hearing, we find that the photographic array was not suggestive (see People v Curtis, 71 AD3d 1044, 1045 [2010]). As to the lineup, there is “no requirement that a defendant in a lineup be surrounded by individuals nearly identical in appearance” (People v Brown, 89 AD3d 1032, 1033 [2011]). Here, the alleged variations in appearance between the fillers and the defendant were not so substantial as to render the lineup impermissibly suggestive (see People v Waters, 195 AD2d 613, 614 [1993]; see also People v Spence, 92 AD3d 905 [2012]; People v Jean-Baptiste, 57 AD3d 566, 567 [2008]; People v Jordan, 44 AD3d 875, 876 [2007]).
The Supreme Court also properly denied that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials. “The credibility determinations of the Supreme Court, which saw and heard the witnesses at the suppression hearing, are entitled to great weight on appeal, and will not be disturbed unless they are unsupported by the record” (People v Timmons, 54 AD3d 883, 885 [2008]). Here, the evidence presented at the suppression hearing supports the Supreme Court’s determination that the defendant’s spontaneous statements, made after a police officer arrested him but before Miranda warnings (see Miranda v Arizona, 384 US 436 [1966]) were administered, were not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a statement from him (see People v Davis, 32 AD3d 445, 446 [2006]; People v Thorpe, 126 AD2d 685, 686 [1987]).
The Supreme Court providently exercised its discretion in denying the defendant’s motion for a mistrial. “The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant’s right to a fair trial” (People v Brown, 76 AD3d 532, 533 [2010]). Here, while the challenged testimony was improper, any prejudice therefrom was alleviated by the Supreme Court’s actions in immediately *748 striking the testimony from the record and providing a curative instruction to the jury (see People v Townsend, 100 AD3d 1029, 1030 [2012]; see also People v Brock, 143 AD2d 678, 679 [1988]).
The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by the Supreme Court’s delay in discharging a juror who expressed concerns that may have affected her ability to be fair and impartial. Skelos, J.E, Balkin, Leventhal and Sgroi, JJ., concur.