■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVON JEMMOTT, Appellant. [5 NYS3d 447]—

Appeals by the defendant (1) from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered May 18, 2011, convicting him of murder in the second degree and tampering with physical evidence, upon his plea of guilty, and imposing sentence, and (2), by permission, from an order of the County Court, Nassau County (Berkowitz, J.), dated May 8, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate the judgment rendered May 18, 2011. The appeal from the judgment brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment and the order are affirmed.

The defendant's purported waiver of his right to appeal was invalid (*see People v Lopez*, 6 NY3d 248, 256 [2006]). The record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *see People v Johnson*, 113 AD3d 635, 635 [2014]). Since it cannot be said that he knowingly, intelligently, and voluntarily waived his right to appeal (*see People v Pressley*, 116 AD3d 794 [2014]), review of the defendant's claims is not precluded.

"The credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Cuyler*, 95 AD3d 900, 900-901 [2012] [internal quotation marks omitted]). Contrary to the defendant's contention, the evidence presented at the suppression hearing supports the Supreme Court's determination that a reasonable person, innocent of any crime, would not have believed that he was in custody prior to the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444 [1966]; *People v Yukl*, 25 NY2d 585, 589 [1969]). Accordingly, the statement made by the defendant on December 8, 2009, while being interviewed in his own garage, was not the product of a custodial interrogation improperly conducted without the administration of *Miranda* warnings, and therefore, the court properly denied that branch of the defendant's omnibus motion which was to suppress that statement.

The decision to permit a defendant to withdraw a previously entered plea of guilty, as well as the nature and extent of the fact-finding inquiry, rests largely within the sound discretion of the court and generally will not be disturbed absent an improvident exercise of discretion (*see* CPL 220.60 [3]; *People v Brown*, 14 NY3d 113, 116 [2010]; *People v Alexander*, 97 NY2d 482, 485 [2002]; *People v DeBenedetto*, 120 AD3d 1428 [2014]; *People v Bennett*, 115 AD3d 973 [2014]; *People v Howard*, 109 AD3d 487 [2013]). Here, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant's motion to withdraw his plea of guilty.

The defendant claims that his post-arrest statements should have been suppressed because the police failed to advise him, a Barbadian national, of his right to consular notification pursuant to the Vienna Convention on Consular Relations. This contention is without merit. To the extent that the treaty does confer any individually enforceable rights, it is unquestionable that no remedy is required in the absence of a showing of prejudice (*see Breard v Greene*, 523 US 371 [1998]). In the instant case, the defendant has failed to demonstrate that he was prejudiced by the lack of notification (*see People v Elkady*, 287 AD2d 518, 519 [2001]).

The defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, arguing, among other things, that he was deprived of the effective assistance of counsel. However, viewing the record as a whole, we conclude that the defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Balkin, Sgroi and LaSalle, JJ., concur.