■ The People of the State of New York, Respondent, v Marc Rowley, Appellant. [7 NYS3d 338]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered February 24, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Dwyer, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

The defendant was one of two passengers in the backseat of a vehicle which was pulled over in Brooklyn due to the failure of the driver to signal a turn. A gun was recovered from the car. After a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree.

"The credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Smith*, 77 AD3d 980, 981 [2010] [internal quotation marks omitted]; *see People v Wilson*, 96 AD3d 980, 981 [2012]). Here, contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress the gun recovered during the traffic stop, as the police officer's testimony was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (*see People v Lewis*, 117 AD3d 751 [2014]; *People v Hobson*, 111 AD3d 958, 959 [2013]; *People v Wilson*, 96 AD3d at 981).

Although the defendant's contention that he was deprived of a fair trial as a result of certain instances of alleged prosecutorial misconduct during the prosecutor's cross-examination of him and during summation is largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Banks*, 74 AD3d 1214 [2010]; *People v Gill*, 54 AD3d 965 [2008]), we nevertheless reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6]; *People v McDuffie*, 95 AD3d 1036, 1037 [2012]). We conclude that the cumulative effect of the prosecutor's misconduct during cross-examination of the defendant and on summation deprived the defendant of a fair trial.

The prosecutor improperly functioned as an unsworn witness when she cross-examined the defendant regarding the closing time of a restaurant in Brooklyn (*see People v Duncan*, 13 NY2d 37 [1963]). The police officers who conducted the traffic stop testified on their direct examinations that the traffic stop occurred at 9:35 p.m. On his direct examination, in contrast, the defendant testified that the traffic stop occurred between 8:00 p.m. and 8:30 p.m., while he and the other occupants of the vehicle were on their way to a restaurant in Brooklyn. During the prosecutor's cross-examination of the defendant, she improperly suggested facts not in evidence when she implied that the District Attorney's office had called the restaurant to ascertain its hours of operation, and asked the defendant whether he testified that the traffic stop occurred between 8:00 p.m. and 8:30 p.m. because he knew that the restaurant was not open at 9:35 p.m. (*see People v Paperno*, 54 NY2d 294, 300-301 [1981]). During summation, the prosecutor again improperly implied, without having submitted any evidence about the closing time of the restaurant, that the defendant had lied about what he was doing at the time of the traffic stop (*see People v Ashwal*, 39 NY2d 105, 109 [1976]).

Further, the prosecutor made improper remarks during summation which suggested that the defendant possessed the weapon with an intent to use it to harm someone, even though this was not an element of the crime for which the defendant was on trial (*see People v Ashwal*, 39 NY2d at 110). Similarly, the prosecutor's questioning of the defendant about one of his tattoos was improper and led to the inflammatory and unsupported inference that the defendant had previously used the weapon to harm someone (*see People v Spence*, 92 AD3d 905, 906 [2012]). It was also improper for the prosecutor to argue during summation that the defendant had learned certain information during the pretrial hearing even though there was no evidence to support this assertion (*see People v Ashwal*, 39 NY2d at 109).

In addition, the prosecutor's statement during summation that the defendant did not make any sudden movements during the traffic stop because he had already "played out this exact scenario in his mind . . . every time he left his house with that gun" was improper speculation, without any basis in the record, that the defendant had committed multiple gun possession offenses prior to the subject incident which led to his arrest (*see People v Spence*, 92 AD3d at 906).

In light of our determination, we need not reach the defendant's remaining contention. Balkin, J.P., Austin, LaSalle and Barros, JJ., concur.