█ In the Matter of JOSE T., a Person alleged to be a Juvenile Delinquent, Appellant. [8 NYS3d 334]—

Appeal from an order of disposition of the Family Court, Kings County (Emily M. Olshansky, J.), dated November 26, 2013. The order of disposition adjudicated Jose T. a juvenile delinquent and placed him in the custody of the Commissioner of Social Services of the City of New York for a period of 18 months. The appeal brings up for review an order of fact-finding of that court dated October 31, 2013, which, after a hearing, found that Jose T. had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and assault in the third degree, and the

denial, after a hearing, of that branch of the appellant's omnibus motion which was to suppress identification evidence.

Ordered that the order of disposition is modified, on the law, by deleting the provision thereof adjudicating the appellant a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, and substituting therefor a provision adjudicating the appellant a juvenile delinquent based upon a finding that he committed an act which, if committed by an adult, would have constituted the crime of attempted assault in the third degree; as so modified, the order of disposition is affirmed, without costs or disbursements, and the order of fact-finding is modified accordingly.

Contrary to the appellant's contention, the evidence presented at the suppression hearing demonstrated that the police officers who detained him had reasonable suspicion to believe that he had committed a crime (see People v De Bour, 40 NY2d 210, 223 [1976]; People v Laviscount, 116 AD3d 976, 978 [2014]). In particular, the evidence demonstrated that the officers were aware, from a police radio call, that a specific crime had been committed by at least two perpetrators. Upon arriving at the scene one minute later, the officers were told by individuals in the company of the complainant the direction in which the perpetrators had gone, along with a more specific description of the appellant's companion. Upon noticing the officers, the appellant and his companion fled. Under these circumstances, the officers were justified in stopping and detaining the appellant and his companion (see Matter of Jakwon R., 110 AD3d 723 [2013]; People v Madrid, 52 AD3d 530 [2008]).

Further, under the circumstances, the fact that a police officer briefly displayed a weapon when the appellant and his companion fled, and used handcuffs to detain the appellant for the purpose of a prompt showup identification by the complainant, who was approximately 30 feet away from the appellant when he identified him as one of the perpetrators, did not transform the detention into a full-blown arrest (see People v Allen, 73 NY2d 378, 380 [1989]; People v Barnes, 4 AD3d 433 [2004]; People v Worthy, 308 AD2d 555 [2003]; People v Moore, 296 AD2d 426 [2002]; People v Evans, 237 AD2d 458, 459 [1997]).

With respect to the appellant's contention that the showup identification procedure was unduly suggestive, the credibility determinations of a hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Rivera, 59 AD3d 467 [2009];

*People v Graham,* 54 AD3d 1056 [2008]). Here, the hearing court's decision to credit the police officers' testimony was supported by the record. Further, the showup identification procedure, conducted in close spatial and temporal proximity to the crime, was not unduly suggestive (*see People v Peterson,* 110 AD3d 1103, 1104 [2013]; *People v Calero,* 105 AD3d 864, 865 [2013]; *People v Rivera,* 59 AD3d at 467; *People v Jay,* 41 AD3d 615 [2007]; *People v Samuels,* 39 AD3d 569 [2007]).

As the presentment agency correctly concedes, the Family Court erroneously set forth in its order of disposition and order of fact-finding that it had found that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree. As the transcript of the fact-finding hearing makes clear, the Family Court expressly found that the evidence was insufficient to establish that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, but concluded, instead, that the evidence demonstrated that the appellant committed an act, which, if committed by an adult, would have constituted the crime of attempted assault in the third degree, as a lesser-included offense. Accordingly, as both parties request, we modify the orders of disposition and fact-finding so as to reflect the Family Court's actual finding of fact (*see Matter of John F.,* 12 AD3d 509, 510 [2004]).

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.,* 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree, attempted grand larceny in the fourth degree, and attempted assault in the third degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Chakelton M.,* 111 AD3d 732 [2013]; *cf.* CPL 470.15 [5]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Jamel C.,* 92 AD3d 782, 782-783 [2012]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*see* Family Ct Act § 342.2 [2]; *Matter of Jamel C.,* 92 AD3d at 783). Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.