The People of the State of New York, Respondent, v David Bookman, Appellant. [16 NYS3d 848]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Griffin, J.), rendered January 31, 2014, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lasak, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On November 2, 2010, in Queens County, a police officer stopped his patrol car at a red light, behind a Nissan Altima. Upon noticing that the Altima's center brake light was inoperative and that several items, including an ornamental sandal, were hanging from the rearview mirror, the officer signaled to the driver of the Altima to pull over. When the officer approached the Altima after the driver complied, the officer saw a "cloudy" plastic bag on a cupholder in the center console. Believing that the plastic bag contained cocaine residue, the officer arrested the Altima's three occupants, including the defendant, who was a passenger. Upon searching the vehicle at the precinct station house, the officer found a loaded handgun in the Altima's trunk.

The defendant moved, inter alia, to suppress the gun on the ground that the police officer who stopped the Altima did not have probable cause to believe that the inoperative center brake lamp or the items hanging from the rearview mirror were infractions under the Vehicle and Traffic Law. The suppression court denied that branch of the defendant's omnibus motion, and the defendant ultimately pleaded guilty to one count of attempted criminal possession of a weapon in the second degree. On this appeal, he contends that the stop of the Altima was improper.

Initially, we conclude that the defendant's purported waiver of the right to appeal is not enforceable, since the record does not demonstrate that the defendant "grasped the concept of the appeal waiver and the nature of the right he was forgoing" (*People v Bradshaw*, 18 NY3d 257, 267 [2011]; *see People v Jemmott*, 125 AD3d 1005, 1005 [2015]). The court never explained to the defendant the nature of the right to appeal. Moreover, although the defendant signed a written waiver of the right to appeal, the record contains no information about the circumstances under which it was executed, including whether the defendant read it, was aware of its contents, or understood it (*see People v Brown*, 122 AD3d 133, 139 [2014];

*People v Reyes*, 121 AD3d 820, 821 [2014]). Because the record does not establish that the defendant knowingly, voluntarily, and intelligently waived his right to appeal, review of his claim regarding the suppression ruling is not foreclosed (*see People v Jemmott*, 125 AD3d at 1005).

A suppression court's credibility findings are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Rowley*, 127 AD3d 884, 885 [2015]; *Matter of Jose T.*, 127 AD3d 875, 876-877 [2015]; *People v Reaves*, 112 AD3d 746, 747 [2013]). Here, the suppression court's credibility finding is supported by the record and we therefore decline to disturb it (*see Matter of Jose T.*, 127 AD3d at 877).

Under the Fourth Amendment to the United States Constitution and article I, § 12, of the New York State Constitution, a police officer may stop a vehicle when the officer has probable cause to believe that the driver of the vehicle has committed a traffic infraction (*see People v Guthrie*, 25 NY3d 130, 133 [2015]; *People v Robinson*, 97 NY2d 341, 349 [2001]). In this case, the credible evidence adduced at the suppression hearing established that the police had probable cause to stop the Altima. The officer who stopped the Altima testified that when he stopped his patrol car behind the Altima, he saw an ornamental sandal on a string and a necklace hanging from the Altima's rearview mirror. The officer further testified that the sandal was four to five inches long and "[p]ossibly about [two] inches in width," and that it was hanging about four to five inches beneath the rearview mirror. Contrary to the defendant's contention and to our colleague's dissent, this testimony demonstrated that the officer had reasonable cause to believe that the sandal was hung "in such a manner as to obstruct or interfere with the view of the operator through the windshield" (Vehicle and Traffic Law § 375 [30]; *cf. People v O'Hare*, 73 AD3d 812, 813 [2010]). Accordingly, the officer's stop of the Altima was not improper (*see People v Guthrie*, 25 NY3d at 133; *cf. People v O'Hare*, 73 AD3d at 813). Probable cause does not require certainty, and the officer's testimony about the size and location of the ornaments was sufficient to establish probable cause.

One point need be made with respect to the dissent. Although our dissenting colleague asserts that credibility is not at issue, much of the dissent implicitly challenges the arresting officer's credibility. For example, the dissent makes much of the fact that the arresting officer did not issue traffic summonses to the defendant. While true, it seems reasonable to us that the sig-

nificance of the traffic violations diminished in the officer's mind when he saw what he believed to be cocaine on the center console. Moreover, by the time the police permitted the driver's girlfriend to drive the car away from the station house following the search and recovery of the loaded handgun, the case had escalated from one involving, at most, a misdemeanor drug possession to one involving a class C violent felony offense, thereby diminishing the importance of the traffic violations even more. In any event, the indictment itself contained counts alleging the traffic violations about which the officer had testified.

Finally, because the officer had probable cause to stop the Altima in light of the violation of Vehicle and Traffic Law § 375 (30), the parties' contentions regarding the inoperative center brake light are academic. Balkin, J.P., Sgroi and LaSalle, JJ., concur.

Austin, J., dissents and votes to reverse the judgment, on the law, grant that branch of the defendant's omnibus motion which was to suppress physical evidence, and dismiss the indictment, with the following memorandum: Although, as correctly noted by my colleagues in the majority, we accord the credibility findings of the suppression hearing court great deference unless clearly unsupported by the record (*see People v Rowley*, 127 AD3d 884, 885 [2015]; *Matter of Jose T.*, 127 AD3d 875, 876-877 [2015]; *People v Reaves*, 112 AD3d 746, 747 [2013]), the issue before us is not one of credibility of the People's witness, Police Officer Colin Sparks, who stopped the vehicle in which the defendant was a passenger. Rather, our focus needs to be on whether the People made a prima facie showing that the "pretext" stop of the subject vehicle had a legally sufficient basis. For the reasons which follow, I conclude that the People did not make their prima facie showing that there was a legally sufficient basis for the stop. Accordingly, that branch of the defendant's omnibus motion which was to suppress physical evidence should have been granted and the indictment dismissed.[1]

At the suppression hearing, Police Officer Sparks testified that he stopped the subject Nissan Altima because it had a defective brake light and an "obstruction hanging from the [rearview] mirror." He identified the defective brake light as the center one, and testified that the right and left brake lights were working.

---

1. In reaching this determination, I agree with my colleagues that the defendant did not effectively waive his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256 [2006]).

Police Officer Sparks described the "obstruction" as a novelty sandal measuring between four and five inches in length and approximately two inches in width, which was hanging by a string, and a heart-shaped necklace which was two to three inches in length and one to two inches in height. He could not remember the distance from the bottom of the rearview mirror to the top of the dashboard or how long the string was. Police Officer Sparks neither vouchered the sandal or necklace nor photographed them.

No summons for a violation of the Vehicle and Traffic Law was issued. Some time after Police Officer Sparks searched the vehicle, the driver's girlfriend came to the precinct station house to retrieve it. The sandal and necklace were still hanging from the rearview mirror when she was permitted to leave with the vehicle.

At the suppression hearing, the People bore the initial burden of establishing that Police Officer Sparks had probable cause to believe that a traffic infraction had been committed when he stopped the subject vehicle (*see People v Guthrie*, 25 NY3d 130, 133 [2015]; *People v Robinson*, 97 NY2d 341, 349 [2001]). Pursuant to Vehicle and Traffic Law § 375 (30), it is "unlawful for any person to operate a motor vehicle with any object placed or hung in or upon the vehicle . . . in such a manner as to obstruct or interfere with the view of the operator through the windshield, or to *prevent* him from having a clear and full view of the road and condition of traffic behind such vehicle" (Vehicle and Traffic Law § 375 [30] [emphasis added]). Further, Vehicle and Traffic Law § 375 (40) (b) provides, in pertinent part, that "[e]very motor vehicle . . . operated or driven upon the public highways of the state . . . shall be equipped with at least two stop lamps, one on each side, each of which shall display a red to amber light . . . when the brake of such vehicle is applied" (Vehicle and Traffic Law § 375 [40] [b]). Here, the suppression court determined that "[t]he police possessed probable cause to stop the vehicle when Police Officer Sparks observed a defective tail light and an obstruction hanging from the rear view mirror," presumably concluding that such observations constituted the basis for violations of these sections of Vehicle and Traffic Law § 375.

With respect to the purported violation of Vehicle and Traffic Law § 375 (30), it was necessary for Police Officer Sparks to testify that the sandal and/or necklace either obstructed or interfered with the driver's view or that the sandal and/or necklace prevented the driver from having a clear and full view of the road. However, Police Officer Sparks did neither. At

most, he testified in a conclusory manner that he observed an "obstruction." That simply cannot be enough, especially in light of the fact that no summons was issued for either alleged traffic violation. The failure of the officer to issue a traffic summons for the alleged Vehicle and Traffic Law violation diminishes the claim that there was any violation (*see People v Robinson*, 97 NY2d at 356 n 6).

In addition, Police Officer Sparks's claim of probable cause is further negated by the fact that he did not see fit to voucher or photograph the "obstruction." He also allowed the vehicle to be driven from the precinct by the driver's girlfriend with the sandal and necklace hanging from the mirror in the same manner as when it is claimed that there was probable cause to stop the Altima in the first place on the basis of a violation of Vehicle and Traffic Law § 375 (30).

Finally, it must be remembered that no two drivers are alike. Here, the testimony at the suppression hearing established that the driver of the Altima was approximately six feet three inches tall. It is difficult to imagine, without clarifying testimony, how the sandal and necklace, as described, could have obstructed this driver's view of the road. In his testimony, Police Officer Sparks failed to explain how this was possible. It was incumbent upon the People to show not just the potential for the object to obstruct the view of the driver, but that it actually did obstruct or interfere with the driver's view (*see People v Diodato*, 4 Misc 3d 127[A], 2004 NY Slip Op 50614[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).

There is no dispute that the allegedly defective brake light did not violate Vehicle and Traffic Law § 375 (40) (b), as Police Officer Sparks testified that the subject vehicle had two operable stop lamps or brake lights. Since the language of this statute clearly requires only two operable stop lamps, it was not reasonable for Police Officer Sparks to believe that the inoperative center brake light constituted a violation of Vehicle and Traffic Law § 375. Further, the People failed to advance any argument that, although the driver could not be prosecuted for a violation of Vehicle and Traffic Law § 375 (40) (b), the stop was constitutionally justified based upon Police Officer Sparks's objectively reasonable mistaken belief that the driver was violating Vehicle and Traffic Law § 375 on the basis of the inoperative center brake light (*see Heien v North Carolina*, 574 US —, —, 135 S Ct 530, 536 [2014]; *People v Guthrie*, 25 NY3d at 138).

Contrary to the conclusion of the suppression court that there was probable cause to conduct a traffic stop based upon Police

Officer Sparks's observations, the People failed to demonstrate that either the defective center brake light or the "obstructions" hanging from the rearview mirror constituted a traffic violation which would then have allowed Police Officer Sparks to validly stop the subject vehicle. This view is consistent with *Whren v United States* (517 US 806 [1996]) and *People v Robinson* (97 NY2d at 346), which hold that vehicle stops are lawful where the police have probable cause to make the stop on the basis of a traffic infraction.

In *Robinson*, the Court of Appeals found that the central inquiry as to whether a reasonable basis to effectuate a stop has been established depends on if "[a] police officer . . . can articulate credible facts establishing reasonable cause to believe that someone has violated [the] law" (97 NY2d at 353-354). Although, here, the People note that Officer Sparks described the heart-shaped necklace as "big," subsequent testimony established that it was rather small.[2] In fact, Officer Sparks never testified that the sandal or necklace were truly obstructions within the ambit of Vehicle and Traffic Law § 375 (30), and the People do not contend that he did. Rather, the People ask us to infer that the sandal and/or necklace constituted obstructions for the purpose of Vehicle and Traffic Law § 375 (30). Thus, although Police Officer Sparks appears to have testified credibly, his testimony was incomplete and legally insufficient.

While the People's efforts to inferentially suggest that the description of the items presented at the suppression hearing sufficed to establish the reasonable basis for the stop has found acceptance with the majority, I cannot agree. The record does not support the inferences the People seek to make to avoid the gaps in the testimony. Indeed, in relying on *People v Harrington* (30 AD3d 1084, 1084 [2006]), the People acknowledge that they need to show, and the suppression court must find, that any objects hanging from the rearview mirror, such as "numerous air fresheners" (*id.*), actually obstructed the driver's view of the road. Likewise, in *People v Carver* (124 AD3d 1276 [2015]), the court was given sufficient evidence to find that the hanging item and sticker on the front windshield actually violated Vehicle and Traffic Law § 375 (30). Such is not the case here.

The proof adduced at the suppression hearing falls far short of the "probable cause to detain a person temporarily for a traffic violation" identified in *People v Robinson* (97 NY2d at 348).

---

**2.** Based upon the totality of Officer Sparks's testimony, it is difficult to imagine that the "obstructions" were even as big or obstructive as, for example, rosary beads, graduation tassels, GPS devices, or E-Z Pass units.

While the Fourth Amendment to the United States Constitution is not violated "where the police have probable cause to believe that a traffic violation has occurred" (*Whren v United States*, 517 US at 810), the boundaries of the Fourth Amendment cannot and should not be stretched to the breaking point by a police officer's inability to identify and articulate a factual, nonconclusory basis for the stop. Here, Officer Sparks's testimony failed to demonstrate a violation of either Vehicle and Traffic Law § 375 (30) or (40) (b). His testimony was legally insufficient, albeit credible. It is not requiring too much for the police officer who makes the traffic stop to be able to state a prima facie basis for the stop. The end result, here, that a gun was ultimately discovered in the trunk of the vehicle, cannot justify the means used in this case by which the gun was discovered.

Accordingly, I conclude that the suppression court erred in denying that branch of the defendant's omnibus motion which was to suppress physical evidence (*see People v Allen*, 89 AD3d 742, 743-744 [2011]). As such, I vote to reverse the judgment, grant that branch of the defendant's omnibus motion, and dismiss the indictment.