■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON A. WHITE, Appellant. [24 NYS3d 749]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Margulis, J.), rendered March 12, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Zayas, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At approximately 2:30 a.m. on September 2, 2010, Police Officer Scott Griczewicz and his partner responded to a radio report of a possible assault in progress at a private home in Jamaica, Queens. When Officer Griczewicz arrived at the location, he observed the defendant and a woman arguing outside of the house. The woman told the police that just prior to their arrival, the defendant possessed a gun, left the house with the gun, walked around the corner, and then returned to the house without the gun. She described the gun as silver, with "a thing in the middle that spins like a revolver." The defendant told the police that during the course of their argument, the woman, who was his houseguest for the weekend, broke his flat-screen television. The police arrested the woman for criminal mischief. Believing that the defendant might try to retrieve the gun, Officer Griczewicz remained at the location, watching the defendant's house from across the street, while other police officers took photographs of the damage caused by the woman. Immediately after those officers left the defendant's house, Officer Griczewicz observed the defendant leave the house empty-handed, walk down the block, and turn the corner. A few minutes later, the defendant walked back towards the house, carrying a plastic grocery bag. The officers stopped the defendant, and one of the officers took the bag from the defendant and handed the bag to Officer Griczewicz, who testified that the bag was very heavy. Officer Griczewicz also testified that

when he felt the outside of the bag, he could feel the barrel and handle of a firearm inside the bag. He then opened the bag, and found a loaded, silver .357 magnum revolver.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the weapon found inside the bag he was holding when he was stopped by the police. "[T]he police may forcibly stop . . . an individual if they have information which, although not yielding the probable cause necessary to justify an arrest, provides them with a reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Martinez*, 80 NY2d 444, 447 [1992]). "Reasonable suspicion is the quantum of knowledge sufficient to induce an ordinarily prudent and cautious [person] under the circumstances to believe criminal activity is at hand" (*People v Cantor*, 36 NY2d 106, 112-113 [1975]; *see People v Martinez*, 80 NY2d at 448). Here, the evidence adduced at the suppression hearing established that the totality of the circumstances, including the information supplied by the defendant's houseguest, provided the police with reasonable suspicion to justify their forcible stop of the defendant. Furthermore, since the police had "knowledge of some fact . . . that support[ed] a reasonable suspicion that [the defendant was] armed," they had the right to frisk the defendant (*People v Batista*, 88 NY2d 650, 654 [1996]; *see People v Moore*, 32 NY2d 67, 68-72 [1973]; *People v Wilson*, 96 AD3d 980, 981 [2012]; *People v Zingale*, 246 AD2d 613 [1998]). Moreover, police officers who conduct a valid stop and frisk "are not limited to a patdown of the suspect's person and may examine personal items capable of concealing a weapon within the suspect's grabbable reach" upon the grounds of safety and precaution (*People v Brooks*, 65 NY2d 1021, 1023 [1985]).

However, we agree with the defendant's contention that the houseguest's statement that, inter alia, she observed the defendant with a gun, should not have been admitted at trial under the excited utterance exception to the hearsay rule. The prosecution failed to establish that "at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still [her] reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful" (*People v Edwards*, 47 NY2d 493, 497 [1979]; *see People v Johnson*, 1 NY3d 302, 305 [2003]; *People v Nieves*, 67 NY2d 125, 135 [1986]). Nevertheless, the error in admitting the statement into evidence was harmless in light of the overwhelming evidence

of the defendant's guilt without reference to the error and the absence of any substantial probability that the error might have contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Porco*, 71 AD3d 791, 794 [2010], *affd* 17 NY3d 877 [2011]). Dickerson, J.P., Hall, Austin and Roman, JJ., concur.