■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNATHAN GOLDEN, Appellant. [52 NYS3d 111]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 5, 2015, convicting him of robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, unlawful sale, possession, or use of an imitation pistol, aggravated unlicensed operation of a motor vehicle in the third degree, and operating a motor vehicle without a license, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. "A suppression court's credibility findings are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Bookman*, 131 AD3d 1258, 1260 [2015]; *see People v Vargas*, 123 AD3d 1149 [2014]; *People v Diggs*, 38 AD3d 565 [2007]). Contrary to the defendant's contention, the court did not err in crediting the testimony of a police officer that he observed the defendant make a right turn without signaling, which justified the stop of the defendant's vehicle for a traffic infraction, ultimately leading to the recovery of the challenged physical evidence (*see* Ve-

hicle and Traffic Law § 1163 [a]; *People v Guthrie*, 25 NY3d 130, 133 [2015]; *People v Robinson*, 97 NY2d 341, 348 [2001]; *People v Bookman*, 131 AD3d at 1260; *People v Davis*, 103 AD3d 810, 811 [2013]; *People v Glover*, 84 AD3d 977, 978 [2011]; *People v Leiva*, 33 AD3d 1021, 1022 [2006]). The court's credibility determination was supported by the record (*see People v Barnes*, 129 AD3d 981, 982 [2015]; *People v Rowley*, 127 AD3d 884, 885 [2015]; *People v Glenn*, 53 AD3d 622, 624 [2008]; *People v James*, 19 AD3d 617 [2005]; *People v Lam*, 226 AD2d 554 [1996]; *cf. People v Lebron*, 184 AD2d 784 [1992]).

The Supreme Court also properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. The statements were made after the defendant intelligently, knowingly, and voluntarily waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), and were not the product of coercion (*see People v Redd*, 141 AD3d 546, 548 [2016]; *People v Baxter*, 140 AD3d 1180, 1181 [2016]; *People v Cruz*, 137 AD3d 1158, 1158-1159 [2016]; *People v Kaye*, 137 AD3d 938, 939 [2016]). Mastro, J.P., Chambers, Miller and Maltese, JJ., concur.