People v Beck (2021 NY Slip Op 04556)





People v Beck


2021 NY Slip Op 04556


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-06893
 (Ind. No. 2216-17)

[*1]The People of the State of New York, respondent,
v
Nasheem Beck, appellant.


Thomas E. Scott, Amityville, NY, for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Mark D. Cohen, J.), rendered May 16, 2018, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant stands convicted of burglary in the second degree arising from a daytime burglary of a residential dwelling. The defendant's defense was that he was never in the house.
The defendant was observed by one of the occupants of the dwelling running from the backyard and items from the house were observed on the side of the road. A police officer responding to the scene saw the defendant tossing items to the side of the road. At the trial, evidence was admitted that shortly prior to the crime, a person matching the defendant's description was observed by a neighbor looking through the window of the neighbor's house, and the neighbor called the police, which explained why police were present at the scene. In his closing statement, defense counsel acknowledged that the defendant had items in his possession that did not belong to him, but argued "that doesn't mean he was in the house" which was an element required to prove burglary.
On appeal, the defendant correctly contends that the cumulative effect of the prosecutor's misconduct during the trial deprived him of a fair trial (see People v Rowley, 127 AD3d 884; People v Casanova, 119 AD3d 976, 979). At trial, no appropriate objections were made by defense counsel, and thus the defendant's claims of error are unpreserved for appellate review (see CPL 470.05[2]). However, since the misconduct permeated the trial and caused substantial prejudice to the defendant, we reach those claims of error in the exercise of our interest of justice jurisdiction and find that the defendant is entitled to a new trial (see CPL 470.15[6][a]; People v Griffin, 125 AD3d 1509).
The prosecutor denigrated any possible defense, invoked the jury's sympathy for the complainants based upon irrelevant evidence, vouched for the credibility of the People's witnesses, and misstated the law on circumstantial evidence (see People v Dawson, 178 AD3d 719, 721; People [*2]v Casiano, 148 AD3d 1044).
Among other improper conduct, the prosecutor, in his opening statement, argued that this case "will be a very quick deliberation" and told the jury to "[g]o back and hold him accountable for what he did, hold him accountable for breaking into that home here in Suffolk County. And there is only one proper verdict, and that is the verdict of guilty."
Thereafter, during the testimony of one of the complaining witnesses, the prosecutor elicited irrelevant testimony that the witness's son died in a motorcycle accident, and his wife died from a stroke from the resulting stress. The sole purpose of this testimony was to elicit sympathy for the complainants (see People v Miller, 6 NY2d 152).
In summation, the prosecutor argued that the evidence presented "one scenario, there is not a shadow of a doubt." The prosecutor then asked the jury to play the "why game." As part of the "why game," the prosecutor argued that the reason why the defendant was walking on "a residential street on a Monday in the middle of the day" was "[b]ecause he was going to commit burglaries." The prosecutor also argued that "[w]hen you go to work, that's when he goes to work," suggesting that the defendant was a professional burglar. The prosecutor's reference to a "game" when describing the serious role of a jury during deliberations was highly inappropriate.
The prosecutor also stated that the jury could not play the "what if" game, and that if, during deliberations, "one of our fellow jurors says what if, stop them" because "we can't play the what if game. The Judge made us swear." Thus, the prosecutor contended that it was improper for a juror during deliberations to bring up a scenario other than that the defendant was guilty.
Moreover, the prosecutor informed the jury that the County Court was "going to say, the law draws no distinction between direct and circumstantial evidence in terms of weight and importance," which was a misstatement of law (see People v Ford, 66 NY2d 428, 443).
Finally, the prosecutor argued that "I absolutely one hundred percent believe [the defendant] came out of that window" of the complainants' house, thus expressing his personal opinion of the defendant's guilt (see People v O'Brien, 140 AD3d 1325, 1329). He further argued that "[t]here is absolutely no doubt in anyone's mind" that the defendant was the person fleeing from the complainants' house—asserting that his opinion was the only opinion anyone could hold. In effect, the prosecutor told the jury that they could not consider the defendant's defense that he was never in the house.
Accordingly, a new trial is ordered.
The defendant's remaining contentions need not be addressed in light of our determination.
RIVERA, J.P., HINDS-RADIX, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court